IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA CLARK,

       Plaintiff,             No. CIV S-05-2410 FCD KJM PS

    vs.

JOHN REA,

       Defendants.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Plaintiff is proceeding pro se.  Pending before the court is plaintiff's amended motion for injunctive relief.  The matter was referred to the undersigned by minute order filed December 14, 2005.  It is not clear from plaintiff's pleadings whether she seeks a temporary restraining order, a preliminary injunction, or a permanent injunction.  It appears, however, that plaintiff seeks an order directing defendants to authorize immediate spinal fusion surgery for plaintiff under the California Workers' Compensation system.  The court will construe the motion as one for preliminary injunctive relief.

      To prevail on a motion for preliminary injunction, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  <u>See Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune,</u>

1   Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations

2   represent two points on a sliding scale with the focal point being the degree of irreparable injury

3   shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must

4   demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a

5   significant showing of possible irreparable harm, the court need not reach the issue of likelihood

6   of success on the merits.  Id.

7          Plaintiff fails to demonstrate a significant degree of irreparable injury inasmuch as

8   the letter dated September 21, 2005 from Dr. Tepper, an orthopedic spinal expert, indicates that

9   the surgery plaintiff seeks by way of injunctive relief is an elective cervical spine reconstruction.

10  See Exhibit 8 to Mem. Supp. Mot. for Injunctive Relief .[1]  Dr. Tepper confirms his conclusions

11  in his letter dated November 9, 2005.  Id.  If surgery is elective, it is by definition not of such an

12  urgent nature that irreparable injury would occur if not immediately performed.  Plaintiff has had

13  ongoing problems arising out of her industrial injury, which occurred in 1994, but fails to

14  demonstrate why the surgery she seeks now by way of injunctive relief is emergent.

15         The likelihood of success on the merits also appears dubious.  Plaintiff apparently

16  has an ongoing workers' compensation case regarding the injuries giving rise to plaintiff's claims

17  in the instant federal action.  See Exhibit 7.  The gravamen of plaintiff's claim for injunctive

18  relief goes to the heart of plaintiff's claims in her workers' compensation case.  It thus appears

19  this court should abstain from hearing plaintiff's claim for injunctive relief under the principles

20  of Burford abstention.  See Burford v. Sun Oil Co., 319 U.S. 315 (1943).  Moreover, plaintiff

21  previously has filed an action in state court alleging claims arising out of the same conduct

22  grounding the instant federal action, and obtained an award directing the provision of medical

23  care as necessary to "cure or relieve" the effects of her injury.  See Exhibits 1-6.  It thus also

24  appears the instant action may be barred under the principles of res judicata.  Further, although

25  _____

26         [1] All subsequent cites to exhibits are to those attached to plaintiff's memorandum.

2

1   plaintiff's amended complaint alleges claims under federal civil rights statutes, two of the named

2   defendants, an attorney and a claims adjuster, do not appear to be state actors and therefore are

3   not amenable to suit for violation of plaintiff's civil rights; the claims adjuster appears to be the

4   primary object of the motion for preliminary injunctive relief.  See, e.g., Arnold v. International

5   Business Machines Corp., 637 F.2d 1350  (9th Cir. 1981).  Plaintiff also fails to allege with

6   specificity the causal link between defendant Rea, acting director of the Department of Industrial

7   Relations, and the claimed constitutional violations.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th

8   Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941

9   (1979).  Vague and conclusory allegations concerning the involvement of official personnel in

10  civil rights violations are insufficient to state a claim.  See Ivey v. Board of Regents, 673 F.2d

11  266, 268 (9th Cir. 1982).

12          Finally, plaintiff has failed to comply with all of the procedural requirements set

13  forth in Local Rule 65-231.

14          For all the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's

15  December 8, 2005 amended motion for injunctive relief be denied.

16  /////

17  /////

18  /////

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, as provided by 28 U.S.C. § 636(b)(l).  Within ten days after being

3  served with these findings and recommendations, any party may file written objections with the

4  court and serve a copy on all parties.  Such a document should be captioned "Objections to

5  Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served

6  and filed within five days after service of the objections.  The parties are advised that failure to

7  file objections within the specified time may waive the right to appeal the District Court's order.

8  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:  December 16, 2005.

10

11    _____
       UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26