1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BARBARA CLARK,

11          Plaintiff,                    No. CIV S 05-2410 FCD KJM PS

12       vs.

13   CAROL POPE, et al.,

14          Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Defendant Pope's motion to dismiss came on regularly for hearing April 26,

17   2006.  Plaintiff appeared in propria persona.  Michael Denison appeared for defendant Pope.

18   Susan Hilton appeared for defendant Hershewe.  Upon review of the documents in support and

19   opposition, upon discussion with plaintiff and counsel, and good cause appearing therefor, THE

20   COURT FINDS AS FOLLOWS:

21          In the third amended complaint, plaintiff alleges claims against defendant Pope

22   under 42 U.S.C. § 1983 for denial of property interests and retaliation.  Third Amended

23   Complaint ("TAC") at 11:22, 22:11.  Plaintiff alleges defendant Pope is a claims adjuster

24   involved with plaintiff's workers compensation case.  TAC ¶ 34.  Defendant moves to dismiss

25

26

                                              1

1    under Federal Rule of Civil Procedure 12(b)(6).[1]

2            To state a claim under section 1983, a plaintiff must allege that:  (1) defendant

3    was acting under color of state law at the time the complained of act was committed; and (2)

4    defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

5    Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48

6    (1988).  Here, defendant Pope acted as nothing more than a claims adjuster; her actions cannot be

7    fairly characterized as state action.  Defendant Pope is therefore not amenable to suit for violation

8    of plaintiff's civil rights.  See American Manufacturers Mutual Insurance Co. v. Sullivan, 526

9    U.S. 40 (1999).  Defendant's motion to dismiss should therefore be granted.

10           Plaintiff has improperly noticed for hearing a motion to add the Secretary of

11   Health and Human Services as a party.  No proposed amended complaint was submitted in

12   connection with the motion and in the moving papers plaintiff does not set forth a cause of action

13   against the proposed additional defendant.  Plaintiff's motion will therefore be denied.

14           Accordingly, IT IS HEREBY ORDERED that:

15           1.  Plaintiff's motion to add the Secretary of Health and Human Services as a

16   defendant is denied;

17           2.  The status conference is reset from May 10, 2006 to May 17, 2006 at 10:00

18   a.m. in courtroom no. 26; and

19           IT IS HEREBY RECOMMENDED that defendant Pope's motion to dismiss be

20   granted.

21           These findings and recommendations are submitted to the United States District

22   Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

23   after being served with these findings and recommendations, any party may file written

24

25      [1] Defendant moves to dismiss also under Federal Rule of Civil Procedure 12(b)(7) and
     raises a variety of issues with respect to the 12(b)(6) motion.  As explained below, however,
     plaintiff's third amended complaint is fatally flawed because plaintiff cannot allege the moving
26   defendant is a state actor.

2

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Findings and Recommendations."  Any reply to the objections shall be served and

3  filed within ten days after service of the objections.  The parties are advised that failure to file

4  objections within the specified time may waive the right to appeal the District Court's order.

5  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  DATED:  April 28, 2006.

7

8

9  _____
   UNITED STATES MAGISTRATE JUDGE

10

11

12  006
    clark.pope.57

13

14

15

16

17

18

19

20

21

22

23

24

25

26