1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  BARBARA CLARK,

11          Plaintiff,                    No. CIV S 05-2410 FCD KJM PS

12      vs.

13  CAROL POPE, et al.,

14          Defendants.              FINDINGS AND RECOMMENDATIONS

15  _____/

16          The motions to dismiss brought by defendants Hershewe and Rea came on

17  regularly for hearing May 17, 2006.  Plaintiff appeared in propria persona.  Michael Denison

18  appeared telephonically for defendant Pope.  Susan Hilton appeared for defendant Hershewe.

19  Michael Drayton appeared for defendant Rea.  Upon review of the documents in support and

20  opposition, upon discussion with plaintiff and counsel, and good cause appearing therefor, THE

21  COURT FINDS AS FOLLOWS:

22          In the third amended complaint, plaintiff alleges claims against defendant

23  Hershewe under 42 U.S.C. § 1983 for denial of property interests, retaliation, and denial of due

24  process.  See Third Amended Complaint ("TAC") at 11:22, 22:11, 29:12.  Plaintiff alleges

25  defendant Hershewe is an attorney involved with plaintiff's workers' compensation case and, in

26  that context, committed wrongful conduct against plaintiff.  TAC ¶¶ 7, 40-60, 67-82, 84-91.

1

1   Defendant Hershewe moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1]

2          To state a claim under section 1983, a plaintiff must allege that:  (1) defendant

3   was acting under color of state law at the time the complained of act was committed; and

4   (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

5   Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48

6   (1988).  Here, defendant Hershewe acted as nothing more than an attorney representing the

7   employer in a workers' compensation case; his actions cannot be fairly characterized as state

8   action.  Defendant Hershewe therefore is not amenable to suit for violation of plaintiff's civil

9   rights.  His motion to dismiss should therefore be granted.

10          Defendant Rea also moves to dismiss.[2]  Defendant Rea is sued in his official

11   capacity as acting director of the Department of Industrial Relations.  TAC ¶ 6.  As such, the suit

12   is brought against the State of California.  Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836,

13   839 (9th Cir. 1997).  The allegations against this defendant are stated in the fourth cause of

14   action, which purports to be brought under the Americans with Disabilities Act and the

15   Rehabilitation Act of 1973.  TAC at 32:15-17, ¶¶ 93-117.  To the extent plaintiff's pleadings as

16   to this defendant can be construed as a complaint under 42 U.S.C. § 1983, the action is barred by

17   the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam ) (unless a

18   state has waived its Eleventh Amendment immunity or Congress has overridden it, state cannot

19   be sued); see also Quern v. Jordan, 440 U.S. 332, 341 (1979) (in enacting section 1983, Congress

20   did not abrogate the state's immunity).  To the extent plaintiff is trying to bring a claim under the

21   statutes named in the complaint, plaintiff's allegations that she complained to the Department of

22

23          [1]  Defendant also moves to dismiss under Federal Rule of Civil Procedure 12(b)(7) and
    raises a variety of issues with respect to the 12(b)(6) motion.  As explained below, however,
24   plaintiff's third amended complaint is fatally flawed because plaintiff cannot allege defendant
    Hershewe is a state actor.
25
26          [2]  This defendant also raises a variety of bases for dismissal.  Dispositive, however, is
    defendant's argument under the Eleventh Amendment.

Industrial Relations regarding her workers' compensation case simply do not state a claim.  <u>See</u>
<u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002) (elements of a claim under Title II of the
ADA); 29 U.S.C. § 794a (prohibiting discrimination in programs receiving federal financial
assistance).  In light of plaintiff's continued availment of the process available to her in the
California workers' compensation program, confirmed at hearing, any claim that she has been
excluded from participation in, or benefits of, that program by virtue of her disability must fail.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendant Hershewe's motion to dismiss be granted;

2.  Defendant Rea's motion to dismiss be granted; and

3.  This action be dismissed.

These findings and recommendations are submitted to the United States District
Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
after being served with these findings and recommendations, any party may file written
objections with the court and serve a copy on all parties.  Such a document should be captioned
"Objections to Findings and Recommendations."  Any reply to the objections shall be served and
filed within ten days after service of the objections.  The parties are advised that failure to file
objections within the specified time may waive the right to appeal the District Court's order.
<u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
clark-pope2.57

3