UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BARBARA CLARK,

        Plaintiff,

   v.

JOHN M. REA, Acting Director,
Department of Industrial
Relations, and DENNIS
HERSHEWE, ESQ. and CAROL POPE,

        Defendants.

NO. CIV. S-05-2410 FCD KJM PS

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on *pro se* plaintiff Barbara Clark's ("Clark") motions[1] to "vacate, amend or make moot" the

---

[1] Plaintiff properly filed two of her motions (Docket #s 114 and 115) before the undersigned; she filed two other motions (Docket #s 111 and 112), also directed at this court's orders of June 5 and 6, 2006, before the magistrate judge. The magistrate judge vacated the hearing on those motions (Docket # 113) and directed plaintiff to file the motions before the undersigned. She has not done so. Nevertheless, as these motions (Docket #s 111 and 112) are also directed to the same orders at issue in the motions pending before this court, the court likewise rules on them herein.

1

court's orders, *filed* June 5 and 6, 2006[2] (Docket #s 107 and 109 ).[3] Said orders adopted the magistrate judge's findings and recommendations, granting defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] The court entered judgment of dismissal thereon. (Docket # 108, filed June 5, 2006.)

Plaintiff now moves, pursuant to Rule 59(e) and/or 60(b), to vacate the judgment. However, her motions wholly fail to comply with the federal rules or this court's local rules for such motions.

Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment). See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Absent "highly unusual circumstances," reconsideration of a final judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law. Id. at 1263. Here, plaintiff's motions do not cite any authority or

---

[2] The parties refer to said orders as the court's orders of June 2 and 5, 2006. Said orders were signed on those dates but not *filed* until June 5 and 6, 2006, respectively. As the orders were not effective until filing, the court uses herein, the filed-date.

[3] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

[4] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

2

provide any evidence that would justify granting the motions. Plaintiff does not present newly discovered evidence nor does she point to *any* evidence in the record that clearly establishes a manifest error of law or fact, or any other legitimate reason justifying relief from judgment.

Indeed, plaintiff's motions fail to present any arguments to support reconsideration.  Plaintiff simply states her disagreement with the court's rulings and seeks to *reargue* the same issues she previously raised in her oppositions to the motions to dismiss.  As such, plaintiff's motions to vacate must be DENIED.  <u>Backlund v. Barnhart</u>, 778 F.2d 1386, 1388 (9th Cir. 1985).

Plaintiff's motions likewise fail to comply with the court's local rules, which require a party to set forth the *material facts and circumstances* giving rise to the request for reconsideration.  E.D. Cal. L.R. 78-230(k).

Accordingly, the court DENIES plaintiffs' motions to vacate (Docket #s 111, 112, 114, and 115).

IT IS SO ORDERED.

DATED: October 13, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28