IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA CLARK,

        Plaintiff,                  No. CIV S 05-2410 FCD KJM PS

   vs.

CAROL POPE, et al.,

        Defendants.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        The motions for attorneys' fees of defendants Pope and Hershewe, respectively, are pending before the court. Upon review of the documents in support and opposition, upon having heard oral argument, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Defendants bring their motions for attorneys' fees under 42 U.S.C. § 1988. That section provides in relevant part: ". . . In any action or proceeding to enforce a provision of . . . 42 U.S.C. §§ 1981 - 1983 . . ., the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." 42 U.S.C. § 1988. Authorization for attorneys' fees under section 1988 is different for prevailing defendants in a civil rights action than for prevailing plaintiffs. <u>Vernon v. City of Los Angeles</u>, 27 F.3d 1385, 1402 (9th Cir.1994). A prevailing defendant may receive an award of attorneys' fees under

1

section 1988 "only where the action is found to be unreasonable, frivolous, meritless or vexatious." Legal Servs. v. Arnett, 114 F.3d 135, 141 (9th Cir.1997).  Accordingly, attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances. Saman v. Robbins, 173 F.3d 1150, 1157-58 (9th Cir.1999).  The court finds those exceptional circumstances here.

The lack of merit in plaintiff's suit against the moving defendants is evident. Defendant Pope was dismissed because she is the claims adjuster assigned to plaintiff's workers' compensation claim, not a state actor.  See Findings and Recommendations filed May 1, 2006 [docket no. 90].  Defendant Hershewe was dismissed because his conduct in acting as the attorney representing the employer in plaintiff's workers' compensation case could not be fairly characterized as state action.  See Findings and Recommendations filed May 18, 2006 [docket no. 100].  Plaintiff was cautioned in the findings and recommendations on plaintiff's motion for preliminary injunctive relief filed in December 2005 that she was unlikely to prevail on the merits of the civil rights action against the defendant claims adjuster and the defendant attorney because those persons were not state actors.  See Findings and Recommendations filed December 16, 2005 [docket no. 12].  Thus, from the very outset of this case, plaintiff was on notice of the frivolity of her claims against the moving defendants.  Yet plaintiff persisted in pursuing this action against the moving defendants, filing numerous frivolous pleadings in the prosecution of this action and imposing a significant monetary burden on defendants for defense of this action.

Plaintiff argues that she had legal justification for pursuing her claim against these defendants, citing American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40 (1999).  Plaintiff contends that she thought because there is a California Constitutional provision providing for workers' compensation, there was the requisite state action.  Article 14, section 4 of the California Constitution creates plenary power in the Legislature to create a workers' compensation system.  Nothing in that Article, however, obligates the State to provide medical treatment or workers' compensation benefits to injured workers.  The constitutional provision

squarely places that burden on the employer, not the State, and thus neither of the moving defendants can be fairly characterized as a state actor. See id., 526 U.S. at 55-56. Both the district court and the appellate court cited American Manufacturers in finding no state action. See Findings and Recommendations filed May 1, 2006 [docket no. 90]; United States Court of Appeals for the Ninth Circuit Memorandum Opinion filed December 13, 2007 [docket no. 169]. As with many of the arguments plaintiff has made throughout this litigation, plaintiff's interpretation of American Manufacturers' rationale is frivolous. Plaintiff's claims against defendants Pope and Hershewe were groundless and without foundation from the outset. An award of attorneys' fees is therefore warranted in this case. See Hughes v. Rowe, 449 U.S. 5, 14 (1980); see also Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1061-63 (9th Cir. 2006).

In calculating a fee award, the court has employed the lodestar method of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v.Eckerhart, 461 U.S. 424, 433 (1983). The court has also considered the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Morales v. City of Rafael, 96 F.3d 359, 363-64 (9th Cir. 1996). Defense counsel for defendant Pope has submitted detailed billings and has passed on the reduced rate charged to defendant Pope as well as the discounts.[1] Defense counsel also has reduced the total amount of hours incurred in this case. Similarly, defense counsel for defendant Hershewe has submitted detailed billings and passed on the reduced rate charged to defendant Hershewe. The court finds there is no overbilling and the total amount of hours claimed, given the numerous motions that had to be opposed and the extraneous pleadings that had to be reviewed, were reasonably incurred in defense of this litigation. An appropriate award of attorneys' fees in this matter is the reasonable hourly rate proffered by defense counsel, with discounts as set forth in counsels' declarations, multiplied by the hours claimed. See Defendant Pope's motion for attorneys' fees, Exhibit 2

---

[1] Counsel provided unredacted copies of billing statements for in camera review.

1  [docket no. 117]; Defendant Hershewe's motion for attorneys' fees, Exhibit B [docket no. 116].

2  Accordingly, IT IS HEREBY RECOMMENDED that:

3  1. Defendant Pope's motion for attorneys' fees under 42 U.S.C. § 1988 be granted in the amount of $70,843.67; and

5  2. Defendant Hershewe's motion for attorneys' fees and costs under 42 U.S.C. § 1988 be granted in the amount of $42,760.00, and costs be allowed in the amount of $1002.

7  These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 2, 2008.

_____
U.S. MAGISTRATE JUDGE

006
clark.pope2.fee

4